May Term,
1853.

COOK v. NOBLE.

COOK
v.
NOBLE.

In a suit upon a promissory note, where the defence is a failure of the consideration, and the evidence at the trial is about equally balanced, the plaintiff must recover the amount of the note—the burden of impeaching the consideration being upon the defendant.

The Court, sitting as a jury, having found a verdict for the defendant upon such evidence, the Supreme Court set aside the verdict and remanded the cause for a new trial.

ERROR to the *Johnson* Circuit Court.

Monday,
June 6.

STUART, J.—Assumpsit by the payee against the maker of two promissory notes of 75 dollars each. Trial by the Court, and finding for the defendant. Motion for a new trial overruled, and judgment according to the finding. The evidence is all embodied in the record.

The only plea filed was the general issue, with an agreement opening the whole field of evidence to both parties. *Noble's* defence to the notes was a failure of consideration. It appears that about the date of the notes, *Noble* purchased of *Cook* an animal of the *Durham* breed for stock. When the purchase was first spoken of, *Cook* asked 200 dollars, and offered to warrant the animal sound and suitable to breed from. This was some time prior to the date of the notes; and it does not appear that when the sale was made, there was any warranty given. The sale for 50 dollars less would scarcely authorize us to presume that the offer to warrant was continued.

The evidence for the defence tended to show that the animal was unsound and incompetent a few days after the sale. The evidence on the other side tended to show that he was sound and competent a few days before. The weight of the evidence on both sides is pretty equally balanced. Of course the plaintiff must recover. For the burden of impeaching the consideration of the notes lay upon the defendant. In the absence of a warranty, the evidence for the defence, rebutted as it is, is wholly insufficient. Even with a warranty, and the evidence so nearly balanced, the defence could not be main-

May Term,
1853.

tained, for there would still be the notes to throw the preponderance in favor of the plaintiff. Impeaching evidence, successfully rebutted, leaves the notes precisely as they were.

Something is said in argument about the manner of the plaintiff's witnesses. It does not appear that any of the witnesses contradicted themselves, or were otherwise impeached. And the manner of a witness, if it could be put on the record, springing as it generally does from his habits, experience, and associations, would, unsupported by other facts, be a vague and unsafe criterion of his veracity.

The evidence does not authorize the finding.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. J. Peaslee*, for the plaintiff.

*H. Brown* and *A. G. Porter*, for the defendant.